Joshua A. MUSS, Appellant,

v.

MERCEDES-BENZ OF NORTH AMERICA, INC., Appellee.

No. 05–86–00623–CV.

Court of Appeals of Texas, Dallas.

July 2, 1987.

Rehearing Denied July 30, 1987.

Martin Lowy, Dallas, for appellant.

Jeffrey E. Oleynik, C. Steven Matlock, Jr., Dallas, for appellee.

Before DEVANY, STEWART and ROWE, JJ.

ROWE, Justice.

This is a suit by Joshua A. Muss (Muss), the purchaser of an automobile manufactured in Germany, against Mercedes-Benz of North America, Inc. (MBNA), the domestic distributor for the foreign manufacturer, to recover damages attributed to the car's defective suspension system. Recovery was sought for breach of an express repair warranty and for deceptive trade practices under TEX.BUS. & COM.CODE ANN. §§ 17.41–.63 (Vernon Supp.1987) (the DTPA). In addition to denying Muss' claims on the merits, MBNA pleaded in bar the four-year statute of limitations under TEX.BUS. & COM.CODE ANN. § 2.725 (Vernon 1968) applicable to sales warranties and the two-year statute of limitations under TEX.REV.CIV.STAT.ANN. art. 5526 (Vernon 1958) applicable to debts not founded on written contract. After a jury trial, Muss suffered a take nothing judgment. The trial court disallowed the established warranty claim as a matter of law under the four-year statute and also disallowed the single established DTPA claim as a matter of law under the two-year statute. In five points of error, Muss appeals (1) claiming benefit of the "discovery rule" under the exception appearing in § 2.725(b), (2) asserting a violation of the Open Courts provision of the Texas Constitution by a too restrictive interpretation of the "future performance" proviso of § 2.725(b), (3) and (4) alleging the trial court erred in formulating the jury charge in such a way as to preclude the defense of estoppel, and (5) contending that the limitations statute then applicable to his DTPA claim was the four-year statute under former art. 5527 and not the two-year statute under former art. 5526. We overrule all five contentions and affirm the trial court's judgment.

Muss took delivery of a Mercedes-Benz Model 6.9 sedan on August 25, 1977. The record reflects that the hydropneumatic suspension system of the car first malfunctioned in either October or November of 1977, and Muss promptly returned the car to MBNA's authorized dealer for warranty repairs. Despite repeated repairs by the dealer, Muss claims that the suspension system never functioned properly for more than a few months at a time. Because of his lack of success with repairs, Muss filed this lawsuit on April 20, 1983, to recover damages.

With respect to a breach of warranty incident to the sale of goods, TEX.BUS. & COM.CODE ANN. § 2.725 (Vernon 1968) provides as follows:

(a) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(b) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, *except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.* (Emphasis added).

Both parties concede that the following written warranty from MBNA accompanied the sale of the car:

Any authorized Mercedes-Benz dealer of the owner's choice will, without charge

to the owner, perform warranty repairs made necessary because of defects in material or workmanship ... This warranty shall remain in effect until the vehicle has accumulated 24 months or 24,000 miles of use, whichever first occurs ...

The parties dispute whether this is such a warranty as "explicitly extends to future performance of the goods" within the exception appearing in § 2.725(b). Applicability of the exception is critical because the jury found that while Muss discovered or in the exercise of reasonable diligence should have discovered more than two years before he filed suit that MBNA failed to repair the defect, he did not or in the exercise of reasonable diligence should not have discovered such failure *more than four years before he filed suit*. Thus, if limitation runs from date of discovery of the defect, Muss' claim for breach of the written repair warranty was timely filed. On the other hand, if his cause of action accrued *on date of delivery*, i.e. August 25, 1977, such cause was viable only until August 25, 1981, and was time-barred when this suit was filed on April 20, 1983. No special issue was requested by Muss or submitted by the court to the jury concerning conduct by MBNA or its agents which on the basis of an estoppel would have extended the filing deadline beyond four years from the *date of delivery*.

 To dispose of Muss' first contention, we must determine whether he is entitled to the benefit of the "future performance" exception appearing in § 2.725(b). We conclude that he is not so entitled. While a buyer and seller may freely negotiate to extend liability into the future with respect to nonconforming goods, they may also freely negotiate to limit such liability exclusively to repair and replacement costs. *See* TEX.BUS. & COM.CODE ANN. § 2.719 (Vernon 1968). We hold that in this instance, as a matter of law, the parties to the sales transaction agreed upon

the latter course. There is no express promise that the goods are free of defects in materials and workmanship. To the contrary, such promise being absent, the bare-bones language presages the likelihood that the goods *will fail to perform* and specifies a particular remedy in that eventuality. *See Voth v. Chrysler Motor Corp.*, 218 Kan. 644, 545 P.2d 371, 378 (1976). Furthermore, the promise on its face directly pertains to compliance by the seller with an obligation to make repairs in the future rather than to future compliance by the goods with some performance standard. *See Allis-Chalmers Credit Corp. v. Herbolt*, 17 Ohio App.3d 230, 479 N.E.2d 293, 301 (1984). The fact that the manner in which the goods actually perform can be tested only at a time subsequent to delivery, does not per se convert the warranty into one extending to future performance. To so argue would make the exception swallow the rule because virtually all warranties must be so tested. *See Patton v. Mack Trucks, Inc.*, 360 Pa.Super. 1, 519 A.2d 959, 964 (1986). Even assuming such argument is convincing enough to *impliedly* extend the warranty to future performance, an implication is not sufficient; explicitness is required. Our supreme court has held that, in determining whether a written warranty complies with the future performance exception of § 2.725(b), the emphasis must be placed upon the term "explicitly". *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 548 (Tex. 1986). Analyzed under this narrow test, the warranty made by MBNA clearly fails to pass muster as one "explicitly" extending to future performance.[1] Accordingly, Muss' first point of error is overruled.

 Having held above that Muss' cause of action for breach of written warranty accrued when the car was delivered, we must now address Muss' provisional contention that such construction violates the Open Courts guaranty of article I, § 13 of the Texas Constitution. We make our ex-

---

**1.** Since our supreme court in *Safeway Stores* further enjoined us to construe § 2.725(b) in a manner consistent with the construction given by the courts of sister states, we note in passing that our holding adopts what appears to be emerging as the majority rule. *See Commissioners of Fire District No. 9 v. American La France*, 424 A.2d 441 (N.J.Super.1980). *See generally* 93 A.L.R.3d 690, Section 3.

amination in the same context as that used by Muss, to wit, the double-pronged criteria for testing the constitutionality of a limitations statute set forth in *Sax v. Votteler*, 648 S.W.2d 661, 665–66 (Tex.1983):

> [T]he right to bring a well-established common law cause of action cannot be effectively abrogated by the legislature absent a showing that the legislative basis for the statute outweighs the denial of the constitutionally guaranteed right of redress. In applying this test, we consider both the general purpose of the statute and the extent to which the litigant's right to redress is affected.

> \* \* \* \* \* \*

In analyzing the litigant's right to redress, we first note that the litigant has two criteria to satisfy. First, it must be shown that the litigant has a cognizable common law cause of action that is being restricted. Second, the litigant must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute.

In applying this criteria, we assume for purposes of this opinion, but expressly do not decide, that the first prong has been met and that the warranty claim at issue here is one well-established at common law and one which accrues at date of discovery.[2] To determine if the second prong has been met, we consider whether the statute as enacted unduly restricts a litigant's right of redress. In making this determination, we weigh the reasonableness of the restriction, i.e. making limitations run from date of delivery of the goods rather than from the date a defect is discovered, against the purpose and basis of the statute. Our supreme court in its opinion in *Safeway Stores*, 710 S.W.2d at 546 suggests the appropriate outcome: "Adoption of a uniform date of accrual and rejection of the discovery rule in warranty cases is a permissible means adopted by state legislatures to protect commercial transactions." The means utilized by § 2.725(b) to obtain protection for commercial transactions is clearly a permissible one, the elimination of stale claims four years after date of sale. The benefit flowing to all citizens is the enhancement of commerce. The detriment imposed upon any individual is prospectively minimal since defects in goods ordinarily become apparent within the first few years of use. For such reasons we find no constitutional infirmity in those accrual provisions of § 2.725(b) which commence the running of limitations from delivery date of the goods. Muss' second point of error is overruled.

▆▆▆ In his third and fourth points of error, Muss complains that he was harmed by the trial judge's failure to recognize earlier in the proceedings that MBNA's written warranty did not trigger the discovery rule because it did not extend to future performance of the goods within the meaning of § 2.725(b). As a result, according to Muss, the court's charge included only special issues predicated upon the discovery rule and inquiring about time intervals calculated from April 20, 1983, the date Muss filed his suit, rather than from August 25, 1977, the date he took delivery of the car. Muss maintains that the consequence to him was that he missed the opportunity to submit proper estoppel issues concerning acts on the part of MBNA's authorized dealer which would have excused his belated filing. There are two reasons why we are not persuaded by this argument. First, the burden was upon Muss, as well as upon the trial judge, to submit the issue about which complaint is now made. TEX.R.CIV.P. 279. Error with respect thereto is therefore waived. Secondly, the sole record evidence upon which Muss can rely to support submission of an estoppel issue pertains to the failed attempts of MBNA's authorized dealer to correct defects appearing in the car's hydropneumatic suspension system. Standing alone, however, such evidence does not raise an estoppel defense. An unsuccessful effort to effect repairs in no way af-

---

**2.** To the contrary, MBNA makes a strong case that the remedy being sought by Muss, insofar as it is limited to repairs, was not fathered in ancient times by the common law but was fa- thered only recently by the Uniform Commercial Code, which also birthed the remedy with a special accrual date.

fects the question of limitations. *Bishop-Babcock-Becker Co.` of Texas v. Jennings,* 245 S.W. 104, 105 (Tex.Civ.App.—Austin 1922, no writ). *See generally* 68 A.L.R.3d 1277, Section 4. To adversely affect limitations, some tortious conduct must be present in addition to unsuccessful repairs. The equitable estoppel rule stated in *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952), requires a finding of false representation or concealment of material facts where the bar of limitations is sought to be tolled. *O'Dowd v. Johnson,* 666 S.W.2d 619, 621 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Here the jury found that MBNA did not mislead Muss with respect to repairs needed on the car, and otherwise no tort appears. Accordingly, Muss' fourth point of error is overruled. Further, since the cumulative error suggested by Muss as flowing from the inappropriate submission of noncontrolling issues depends upon legal predicates now determined against him, his fifth point of error is also overruled.

 In addition to error asserted incident to the time-barring of his warranty claim, Muss asserts similar error incident to the time-barring of his DTPA claim. The jury found that MBNA made false representations as to the standard, quality and grade of the car. The jury also found that Muss did not and, in the exercise of reasonable diligence, should not have discovered this deceptive practice earlier than four years prior to his filing suit. Muss would have us hold that since this is a pre–1979 DTPA cause of action, accruing at date of discovery, and since it grows immediately out of a written contract, it is properly subject to the four-year statute of limitations under TEX.R.CIV.STAT.ANN. art. 5527 (Vernon 1958). When coupled with the relevant jury finding, such holding would cause the claim to not be time-barred. In support of this result Muss reminds us that, before the 1979 amendment to the DTPA which first specifically delineated a statute of limitations for purposes of § 17.50, DTPA claims were governed by the general statutes of limitations. He also cites us to *Holifield v. Coronado Building, Inc.,* 594 S.W.2d 214

(Tex.Civ.App.—Houston [14th Dist.] 1980, no writ), *Jim Walter Homes, Inc. v. Castillo,* 616 S.W.2d 630 (Tex.Civ.App.—Corpus Christi 1981, no writ), and *Jim Walter Homes, Inc. v. Chapa,* 614 S.W.2d 838 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). None of these pre–1979 DTPA cases, however, is controlling under the facts in this record. In these cases the seller's liability was based upon various provisions in sales documents to which the immediate seller was privy. Here the buyer did not sue the seller but brought suit and obtained favorable jury findings on two basically separate actions against an intermediate distributor. The first claim asserted was for breach of warranty based upon a third-party document accompanying sale of the car and running in favor of the car buyer. In addition, a second claim was asserted for false representation under § 17.46(b)(7) based, as to the distributor, upon advertising brochures featuring the car and being circulated to the general public. It is important to note that the distributor merely passed along, on behalf of the manufacturer, an express written warranty carefully limited to repairs and expressly excluding all other warranties. The jury found that this limitation of remedy under § 2.719 did not fail in its essential purposes under subsection (b) in such a way as to impugn its exclusivity under subsection (a)(2). Under these peculiar circumstances, we find nothing to justify our granting the alternative requests made by Muss respecting this issue. We decline to hold in his behalf either (1) that his claim is so related to a writing as to be cognizable under article 5527 as a matter of law or (2) that since the DTPA claim does not indisputably arise immediately out of a written agreement, the issue is one of fact for a jury determination as in *Safeway Stores.* Instead, we hold on other grounds that, as a matter of law, Muss' DTPA claim became time-barred two years after he took delivery of the car. Since MBNA's limited warranty qualifies as an exclusive remedy of repair under § 2.719, it evidences no promise in writing that the car is of any certain standard, quality, or grade. The support

for this finding can only be had from other evidence in the record. To the extent such other evidence pertains to fraudulent conduct, the applicable limitation statute is that pertaining to debts not evidenced in writing, i.e. article 5526. *Mooney v. Harlin*, 622 S.W.2d 83, 84 (Tex.1981); *see Miller v. Dickenson*, 677 S.W.2d 253, 257 (Tex. App.—Ft. Worth 1984, no writ); *Marcotte v. American Motorists Insurance Co.*, 709 F.2d 378, 380 (5th Cir.1983). To the extent such other evidence pertains to a statutorily created right, the applicable limitations statute is also that pertaining to debts not in writing. *Rose v. First State Bank*, 122 Tex. 298, 59 S.W.2d 810, 811 (1933); *Overton v. City of Houston*, 564 S.W.2d 400, 403 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). Under either line of cases, Muss' DTPA claim is time-barred. His fifth point of error is overruled.

Affirmed.