Herlinda PEREZ, Individually and as Administratrix of the Estate of Rafael Pablo Perez, Deceased, et al., Appellants,

v.

LEAR SIEGLER, INC., et al.,
Appellees.

No. 13-89-348-CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1990.

Rehearing Overruled Oct. 11, 1990.

Ramon Garcia and Catherine W. Smith, Edinburg, for appellents.

Benny M. Cason, Frank E. Weathered, Corpus Christi, and Rose Marie Guerra Reyna, Lewis, Pettitt & Hinojosa, McAllen, for appellees.

Don B. Morgan, Austin, for intervenor.

Before NYE, C.J., and BENAVIDES and KEYS, JJ.

## OPINION

NYE, Chief Justice.

Appellants, Herlinda Perez, individually and as the administratrix of the Estate of Rafael Pablo Perez, Deceased, Marla Sandra Perez and Roberto Perez, appeal the take-nothing judgment granted in favor of appellees, Lear Siegler, Inc. (Lear) and Dallas Lite and Barricade, Inc. (Dallas Lite). Appellants assert five points of error. We affirm in part and reverse and remand in part.

Appellants filed this suit in response to the death of Rafael Pablo Perez, who was injured while in the course of employment with the Texas Department of Highways and Public Transportation (TDH & PT). On October 22, 1985, Perez was towing an arrow signboard behind a road-sweeping operation on State Highway 83 near Mercedes, Texas. For some unknown reason, Perez stopped his vehicle on the highway and got out. As he was outside his vehicle, a van operating on the highway collided with the signboard, which in turn hit Perez, throwing him into the air and causing him to sustain serious injuries and die.

Appellants initially sued Alfonso Lerma, the van driver, and his employer, Southwestern Drug Corporation, and TDH & PT. These parties settled their cases out of court. Subsequently, on June 5, 1987, in their fifth amended original petition, appellants filed suit against Lear, the signboard's manufacturer, alleging liability for Perez' death based on negligence and strict liability theories. On August 23, 1988, in their sixth amended petition, appellants filed suit against Dallas Lite, the distributor of the signboard, alleging liability for Perez' death, again on negligence and strict liability theories. Dallas Lite answered and moved for summary judgment. The summary judgment was based upon Tex. Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986), whereby Dallas Lite contended that the two-year statute of limitations precluded appellants' wrongful death claim on the tort theories. Appellants responded by filing their seventh amended petition contending now that Lear and Dallas Lite were also liable on a breach of warranty theory.

The trial court granted summary judgment favorable to Dallas Lite on the negligence and strict liability claims but denied such relief on the breach of warranty claim. Thereafter Dallas Lite filed its second motion for summary judgment alleging that Tex.Bus. & Com.Code Ann. § 2.725 (Vernon 1968) precluded appellants' action based on the four-year statute of limitations for actions regarding breaches of warranty for sales of goods.[1] The trial court denied Dallas Lite's second motion for summary judgment.

Lear then filed its first motion for summary judgment based upon a limitations defense to the breach of warranty claim and also contended that elements of recovery had been negated as a matter of law. Dallas Lite followed, filing its third motion for summary judgment based upon evidence that the signboard was functioning properly at the time of Perez' injuries and therefore, the existence of a defective product was negated as a matter of law. Appellants then responded to the two summary judgment motions with the three affidavits discussed in detail below.

On July 6, 1989, the date of the summary judgment hearings, Lear filed a written objection to appellant's affidavits alleging that two of them violated the provisions of

---

1. Section 2.725 is actually a statute of repose. While a statute of limitation bars a cause of action sometime after legal injury, a statute of repose *may* bar a cause of action before it ever accrues, that is, before the legal injury occurs. *See* Comment, *Statutes of Repose in Products Liability: Death Before Conception?*, 37 Sw.L.J. 665, 666 (1983).

Tex.R.Civ.P. 166a(e) in that they were not proper summary judgment evidence and that the third provided irrelevant evidence which would be inadmissible at trial. At the hearing on the two motions, the trial court granted Lear's summary judgment motion and granted Dallas Lite's second and third motions and entered a take-nothing judgment against appellants.

A summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *R.I.O. Systems, Inc. v. Union Carbide Corp.*, 780 S.W.2d 489, 490 (Tex.App.—Corpus Christi 1989, writ denied); *Wyatt v. Mealy*, 704 S.W.2d 63, 64 (Tex.App.—Corpus Christi 1985, no writ). In deciding whether a disputed material fact issue exists to preclude summary judgment, evidence favorable to the non-movant will be accepted as true. Thus, every reasonable inference will be indulged in favor of the non-movant and any doubts resolved in his favor. On appeal, as well as at trial, the issue is not whether the summary judgment proof raises fact issues regarding the essential elements of the plaintiff's claim or cause of action, but rather, whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact concerning one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *R.I.O Systems*, 780 S.W.2d at 490; *Denison v. Haeber Roofing Co.*, 767 S.W.2d 862, 864 (Tex.App.—Corpus Christi 1989, no writ); Tex.R.Civ.P. 166a(c).

By their first three points of error, appellants assert that the trial court erred in granting appellees' summary judgment because neither appellee proved as a matter of law that no fact questions remained on any of appellants' claims, that appellants proved through competent evidence that Perez was near the signboard at the time of the accident because of a malfunction in the signboard, thus raising a causation issue, and, in the alternative, that the trial court erred by failing to allow appellants to correct the form of their affidavits in response to appellees' motions. By their fourth and fifth points of error, appellants assert that § 2.725 of the Texas Business and Commerce Code violates the provisions of Tex. Const. art. I, § 13, also known as the "Open Courts" provision, and as such is contrary to the spirit of Texas law.

Section 2.725 states:

(a) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued ...

(b) A cause of action accrues when the breach occurs, regardless of the aggrieved party's knowledge of the breach. A breach of warranty occurs when tender of delivery is made ...

Tex.Bus. & Com.Code Ann. § 2.725 (Vernon 1968). The language of the statute clearly states that a cause of action for breach of warranty arising from a contractual relationship accrues at the time of delivery, not at the time of discovery. *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 546 (Tex.1986); *Cherry v. Chustz*, 715 S.W.2d 742, 7.5 (Tex.App.—Dallas 1986, no writ); *Madden v. J.I. Case Co.*, 712 S.W.2d 181, 182 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Weeks v. J.I. Case Co.*, 694 S.W.2d 634, 636 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.); *Fitzgerald v. Caterpillar Tractor Co.*, 683 S.W.2d 162, 165–66 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.); *Southerland v. Northeast Datsun, Inc.*, 659 S.W.2d 889, 892 (Tex.App.—El Paso 1983, no writ). Accrual of the cause of action occurs regardless of the aggrieved party's lack of knowledge of the breach unless the parties explicitly extend the warranty to future performance of the goods. *Safeway Stores*, 710 S.W.2d at 546.

The "Open Courts" provision of the Texas Constitution states, in pertinent part:

All courts shall be open, and every person for an injury done him, in his lands, goods, person, or reputation, shall have a remedy by due course of law.

Tex. Const. art. 1, § 13. A party contending that a statute is unconstitutional must

show (1) that he was denied an established common-law cause of action, and (2) that the legislative restriction was unreasonable or arbitrary. *Neagle v. Nelson,* 685 S.W.2d 11, 12 (Tex.1985); *Nelson v. Krusen,* 678 S.W.2d 918, 922 (Tex.1984); *Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex.1983).

In *Sax,* the supreme court found that the two-year statute of limitations set forth in Article 5.82, § 4 of the Texas Insurance Code (repealed) (now Tex.Civ.Stat. art. 4590i, § 10.01 (Vernon Supp.1990)) violated the "Open Courts" provision because it purportedly barred a cause of action for medical malpractice by minors over the age of six.[2] Prior to the Court's decision, the plaintiff in *Sax* was barred from asserting her common law cause of action for medical malpractice because she discovered her injuries several years after the defendant physician had attended her medical needs and after the two-year limitations period had run. In *Krusen,* the supreme court held that Article 5.82, section 4 unreasonably barred the plaintiffs from asserting their claim for negligent genetic counselling when the plaintiff's child was diagnosed with a latent genetic disease two years after the limitations on the counselling had run. In *Neagle,* the same two-year medical malpractice statute of limitations cited above was invalidated as it barred the patient from asserting his common law remedies after discovering a surgical sponge in his abdomen more than two years after the surgical procedure had been performed. In all three cases, the supreme court held that the "Open Courts" provision guarantees a plaintiff a reasonable opportunity to assert a common law cause of action although the injury is discovered after the medical malpractice limitations statute appears to bar the action.

The *Sax* test has also been applied to negate assertions that the four-year limitations statute for breach of warranty claims violates the "Open Courts" provision of the Texas Constitution. *See Muss v. Mercedes–Benz of North America, Inc.,* 734 S.W.2d 155, 158–59 (Tex.App.—Dallas 1987,

writ ref'd n.r.e.); *Nelson v. Metallic–Braden Bldg. Co.,* 695 S.W.2d 213, 214–15 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). In *Muss,* the court of appeals ruled that § 2.725 was enacted to protect commercial transactions and that the means by which this was accomplished, the elimination of stale claims four years after the date of sale, was a permissible one. The court reasoned that all citizens benefitted from this law through the enhancement of commerce and that there was a minimal chance that any individual would suffer a detriment as a result of the law because defects in goods ordinarily manifested themselves within the first few years of use. The plaintiff in *Muss* knew of the defect in the automobile within the four-year period, he merely failed to assert his claim during that time. In *Metallic–Braden,* the plaintiff sustained personal injuries when he fell through a building's skylight and sought redress from the building's architect and engineer. The trial court entered a take-nothing judgment because the provisions of Tex.Rev.Civ.Stat. Ann. art. 5536a (Vernon Supp.1990) (repealed) required that assertions of claims against architects, builders and engineers must be made within ten years from the substantial completion of the improvement to real property. In response to the plaintiff's assertion that this law violated the "Open Courts" provision, the court of appeals held that the plaintiff had not proven that he was effectively denied a cause of action for his injuries, as in *Krusen* and *Sax,* as his claims against the owner, lessee, or operator of the building were not barred by the statute.

■ The summary judgment evidence which Dallas Lite produced in support of its second motion for summary judgment and which Lear produced in its first motion for summary judgment included documents which indicated that TDH & PT received the specific diesel arrow-board trailer with adjustable pintle eye hitch and sequential chevron board which was involved in the accident in question on or before April 12,

---

**2.** Article 4590i, § 10.01 is an amended form of Article 5.82, § 4. In § 10.01, the legislature

deleted the restriction which the *Sax* court found unconstitutional in § 4.

1983. Thus, appellants must have asserted any breach of warranty claims on or before April 12, 1987. The record indicates that Dallas Lite and Lear did not receive notice of this claim until February 13, 1989, almost two years after the four-year statute of limitations expired.

Appellants fail in their assertion that § 2.725 is unconstitutional as applied to their cause because § 2.725 did not operate to bar their breach of warranty claims until almost 18 months after Perez' death. *Sax, Neagle* and *Nelson* are distinguishable from the instant case because appellants had a reasonable time to file suit after Perez' death created the cause of action for Breach of Warranty. Furthermore, as in *Metallic–Braden,* appellants were not denied their claims against the defendant-driver, the driver's employer, and TDH & PT. Like the plaintiff in *Muss,* appellants did not amend their petition to sue appellees until after the four-year limitations period barred the action; thus, appellants failed to timely assert this claim. Appellants fail to meet the second requirement of the *Sax* test because their cause of action for breach of warranty was available to them for almost eighteen months after Perez died.[3] At the time they asserted their breach of warranty claims, appellants were barred as a matter of law from doing so. Points of error four and five are overruled.

The remaining issues concern the granting of the summary judgment with regard to appellants' strict liability and negligence claims. Appellants concede in their brief that the two-year statutory limitations period barred Dallas Lite from liability on the strict liability and negligence claims. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986). Thus, we need only discuss the propriety of the trial court's granting of summary judgment for Lear with regard to appellants' negligence and strict liability claims.

Proximate causation is inherently a fact issue and is generally contested in most negligence cases; accordingly, a summary judgment procedure is not well adapted to the disposition of negligence cases. *Hennessy v. Estate of Perez,* 725 S.W.2d 507, 509 (Tex.Civ.App.—Houston [1st Dist.] 1987, no writ); *Taylor v. Southwestern Bell.Tel. Co.,* 483 S.W.2d 330, 332 (Tex.Civ. App.—El Paso 1972, no writ). Appellants seek to establish that Perez was out of his vehicle to fix the allegedly defective signboard when the van collided with the signboard and caused Perez' injuries. Lear's motion for summary judgment alleges that there is no evidence that Perez was injured or killed as a direct result of any allegedly dangerous or unsafe condition of the arrow signboard or, alternatively, that there is no issue of fact that the arrow signboard was working on the occasion in question. Through the affidavit of James R. Wilson, an eyewitness to the accident, Lear seeks to negate the causation element in both the negligence and strict liability causes of action.

Wilson states in his affidavit that he was driving east on Highway 83 near Mercedes. He had moved into the left lane (passing lane) to pass a vehicle when he looked in his rear-view mirror and saw the van driven by Lerma in the left lane, approaching his own car from the rear. Wilson states that he was travelling at a speed of approximately sixty miles per hour and he noticed that the van was approaching his car at a considerably faster speed. At the same time, he noticed that a TDH & PT vehicle had stopped ahead of both Lerma and him in the left lane of the road and was located at the top of an overpass. The vehicle was pulling a flashing signboard with a lighted arrow warning traffic to move to the right lane. Wilson states that the signboard was lighted and functioning from the moment he first saw it until the moment of the accident. Wilson passed another car and moved immediately into the right lane. Lerma passed Wilson, who was slowing down in order that Lerma move into the right lane ahead of him to avoid colliding with the TDH & PT vehicle. Instead of moving into the right lane ahead of Wilson,

---

**3.** We assume for purposes of this opinion, but expressly do not decide, that the first prong has been met and that the warranty claim at issue here is one well established at common law.

Lerma's van remained in the left lane striking the arrow signboard.[4]

Appellants responded by presenting three affidavits: one from Jerrell D. Stewart, one from Renulfo Garza, and one from George A. Houston, a registered engineer. With respect to summary judgments, opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show that the affiant is competent to testify to the matters stated therein. Tex.R. Civ.P. 166a(e). Furthermore, legal conclusions in lay witness affidavits are insufficient to raise issues of fact in response to motions for summary judgment. *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex. 1984); *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605, 610 (Tex.App.—Corpus Christi 1980, writ ref'd n.r.e.). A summary judgment may be based upon uncontroverted testimonial evidence of an interested witness, or of an expert witness with regard to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex.1989); *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex.1986); *Galvan v. Public Util. Bd.*, 778 S.W.2d 580, 583 (Tex.App.—Corpus Christi 1989, no writ); Tex.R.Civ.P. 166a(c).

■ Stewart's affidavit indicates that on or prior to the day before Perez' injury, Stewart used the same signboard as was involved in the accident. Stewart was driving a truck and towing the signboard in the performance of his employment with TDH & PT when he noticed that the signboard no longer flashed and had to call in a TDH & PT mechanic to repair the unit. Houston's affidavit cannot be utilized because he based his opinion that the signboard was defective upon the "testimony" of others and not on personal knowledge; thus, the affidavit offers insufficient and incompetent evidence for summary judgment. Garza's affidavit is also insufficient as summary judgment evidence because it fails to identify the signboard discussed therein as the one which Perez was using at the time of the accident and also fails to identify the signboard discussed as one manufactured by Lear.

■ Lear's affidavit showed that from the point in which Wilson first saw the flashing signboard to the point of collision the signboard was operational; however, the affidavit fails to totally negate the issue of causation. This is so because the affidavit does not negate that Perez stopped his truck and was standing near the signboard because it was malfunctioning prior to the time Wilson first saw it. As such, Lear fails to prove (as a matter of law) that a problem with the signboard did not cause Perez to be near the signboard when the Lerma van collided with it.

Stewart's affidavit raises a fact issue regarding the operability of the actual signboard which was involved in the accident when the board was in motion on a roadway. Accordingly, the trial court improperly granted summary judgment against appellants in their negligence and strict liability claims against Lear, the sign manufacturer. Points of error one and two are sustained. Discussion of the remaining point of error is unnecessary.

The trial court's judgment is AFFIRMED with regard to Dallas Lite, AFFIRMED in part with regard to appellants' breach of warranty claim against Lear and REVERSED and REMANDED in part with regard to appellants' negligence and strict liability claims against Lear.

---

4. The record indicates that Lerma admitted that he was asleep at the wheel of the van prior to the accident. Thus, Lerma was unable to notice that there was an obstruction in the lane ahead and whether the signboard was operable before impact.