**Opinion issued December 6, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00767-CV

————————————

## DEWEY CLARK, Appellant

## V.

## MUSTANG MACHINERY COMPANY, LTD. D/B/A MUSTANG CAT, Appellee

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 1061481-002**

---

## CONCURRING OPINION

I concur in the judgment of the Court and write separately to explain why, although I would hold that the trial court did not err in granting appellee, Mustang Machinery Company, Ltd., doing business as Mustang Cat ("Mustang Cat"), summary judgment, I do so for reasons other than those stated by the majority in its

per curiam opinion. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996); *Primo v. Garza*, No. 01-14-00480-CV, 2015 WL 777999, at *1 (Tex. App.—Houston [1st Dist.] Feb. 24, 2015, no pet.) (mem. op.) ("Where, as here, the trial court specifies the ground on which the motion for summary judgment was granted, we consider whether the trial court correctly granted summary judgment on that basis.").

Appellant, Dewey Clark, challenges the trial court's rendition of summary judgment in favor of Mustang Cat on his third-party claims against it for breach of contract and breach of implied warranty of merchantability and fitness under the Texas Deceptive Trade Practices Act ("DTPA").[1] In two issues, Clark contends that the trial court erred in granting Mustang Cat summary judgment on his breach-of-contract claim.

## Background

Clark filed his original third-party petition on October 20, 2015. Subsequently, in his third amended third-party petition, Clark alleged that he is "in the business of moving and clearing land." In early 2011, he purchased a bulldozer from Mustang Cat, which had "issues from the beginning." Specifically, "it would run for approximately an hour and then over heat [sic] to the point it would have to

---

[1] *See* TEX. BUS. & COM. CODE ANN. § 17.46 (Vernon Supp. 2018), § 17.50 (Vernon 2011).

2

be turned off for approximately an hour to cool down." This happened repeatedly, and the bulldozer was rendered useless "for 50% of [Clark's] work-day." Clark took the bulldozer to Mustang Cat to be repaired on several occasions. However, each time Mustang Cat returned the bulldozer to Clark, it was given back in the same defective condition. After Clark attempted to have the bulldozer repaired by Mustang Cat for a final time, "it was still not repaired and continue[d] to overheat after a brief period of use." Clark's business declined, and he "suffered a notable financial loss." Clark alleged that after February 2012, he "became aware that a cause of action [had] occurred." At that time, Clark realized that the bulldozer would remain defective.

Clark brought third-party claims against Mustang Cat for breach of contract and breach of implied warranty of merchantability and fitness under the DTPA. In regard to his breach-of-contract claim, Clark alleged that Mustang Cat had "warranted" the bulldozer and had breached its warranty by supplying him with a defective bulldozer that was incapable of being repaired. Further, Clark, citing tort case law, alleged that the discovery rule applied to the statute of limitations for his breach-of-contract claim. And he alleged that his cause of action did not begin to run "when [he] signed the contract" to purchase the bulldozer because "there was [no] way for [him] to have known that Mustang [Cat]" would breach "its warranty" and "[i]t was only after the multiple occasions that Mustang [Cat had] failed to repair

3

the bulldozer that Clark realized [it] would not or could not repair" it and the bulldozer would remain defective.[2]

Mustang Cat generally denied Clark's allegations and asserted various affirmative defenses, including that Clark's breach-of-contract claim was barred by the statute of limitations and any alleged express or implied warranties had been disclaimed. Mustang Cat then moved for summary judgment on Clark's breach-of-contract claim,[3] arguing that it was entitled to judgment as a matter of law because the claim was barred by the statute of limitations applicable to a claim for breach of warranty incident to the sale of goods.[4] Specifically, Mustang Cat asserted

---

[2] In regard to his claim for breach of implied warranty of merchantability and fitness under the DTPA, Clark alleged that Mustang Cat had "represented that it was selling products at high standards and produced quality goods" and "[t]he representations made by . . . Mustang [Cat] were false, misleading and deceptive" because the bulldozer, a "good[]," could not be used for more than one hour at a time. These representations violated the DTPA because they "constitute[d] representations that (1) [the] good ha[d] characteristics, uses, or benefits that [it] d[id] not have, (2) [the] good[] [was] of a particular standard, quality, or grade when [it was] of another[,] or[] (3) [the] good[] [was] of a particular style or model when [it was] of another."

[3] Mustang Cat also moved for summary judgment on Clark's DTPA claim, asserting that it was also barred by the applicable statute of limitations. On appeal, Clark does not challenge the trial court's rendition of summary judgment in favor of Mustang Cat on his DTPA claim.

[4] *See id.* § 2.725(a)–(b) (Vernon 2009) ("An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . . A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made . . . ."); *see also Muss v. Mercedes-Benz of N. Am., Inc.*, 734 S.W.2d 155, 157 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) (statute of limitations in section 2.725 applies to claim for breach of warranty incident to sale of goods). Alternatively, Mustang Cat argued that it was entitled to judgment as a matter of law because it had "[d]isclaimed [a]ll [e]xpress and [i]mplied [w]arranties," "[t]here

4

that Clark's breach-of-contract claim was governed by the Uniform Commercial Code ("UCC"), "[a] cause of action based on a breach of warranty [incident to the sale of goods] under the UCC accrues when [the] good[] [is] tendered for delivery," and the discovery rule did not apply.[5] Thus, Clark's breach-of-contract claim "accrued no later than the date of delivery [for the bulldozer, i.e.], July 22, 2011." Mustang Cat attached to its motion the parties' Installment Sale Contract (Security Agreement), a Delivery Certification, dated July 22, 2011 and signed by Clark, Clark's response to Mustang Cat's request for production and interrogatories, an affidavit from Chase McCoy, a Service Superintendent for Mustang Cat, Mustang Cat's Service Records, and Clark's demand letter, dated January 7, 2016.

In response to Mustang Cat's summary-judgment motion, Clark argued that his breach-of-contract claim was not barred by the statute of limitations provided for by the UCC for a claim for breach of warranty incident to the sale of goods[6] because his "cause of action did not . . . bec[o]me obvious" until it was clear that the bulldozer would remain defective and "[i]t [was] unreasonable to assert that the breach of contract occurred only if [it was] reported no later than four years after the

---

[was] [n]o [e]xpress [w]arranty for the [b]ulldozer," and "the bulldozer was sold 'AS IS, WHERE IS.'"

[5]   *See* TEX. BUS. & COM. CODE ANN. § 2.725(b) ("A cause of action accrues when the breach occurs, *regardless* of the aggrieved party's lack of knowledge of the breach." (emphasis added)).

[6]   *See id.* § 2.725.

delivery date." According to Clark, he purchased the bulldozer in July 2011 and the Purchasers Order and Security Agreement for Used Product that he signed contained an express warranty for the bulldozer, stating "1 year/1000 Hour Powertrain + Hydraulics Warranty." (Internal quotations omitted.) The bulldozer was delivered to Clark on July 22, 2011, and he reported that the bulldozer was "defective" shortly after delivery. However, Clark asserted that his cause of action for breach of contract could not have accrued until February 16, 2012 because that is when he realized that the bulldozer would remain defective.

Clark further argued in his response that the UCC's general four-year statute of limitations from the delivery date of the bulldozer did not apply to his claim because the warranty Mustang Cat provided for the bulldozer constituted an "express warranty for future performance," which was an exception to the UCC's general statute-of-limitations rule.[7] In doing so, Clark relied on *PPG Industries, Inc. v. JMB/Houston Centers Partners Limited Partnership*, a case specifically addressing the UCC's statute of limitations for a claim for breach of warranty incident to the sale of goods and the exception that applies when the warranty for the good "explicitly guarantee[s] future performance." 146 S.W.3d 79, 92–98 (Tex. 2004).

---

[7]     *See id.* § 2.725(b) ("A breach of warranty occurs when tender of delivery is made, *except* that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." (emphasis added)).

6

Clark attached to his response a Purchasers Order and Security Agreement for Used Product, Mustang Cat's internal e-mails, his affidavit, and the parties' Installment Sale Contract (Security Agreement).[8]

In its reply, Mustang Cat asserted that Clark's response "confirm[ed]" that "he discovered the alleged defect with the [b]ulldozer immediately following delivery" and the UCC "generally requires suit on [a] breach of warranty claim[]," incident to the sale of goods, to be filed "within four years of delivery [of the good], regardless of when the buyer discovers [a] defect[] in the good[]."[9] Moreover, although Mustang Cat made repairs periodically between August 5, 2011 and February 2012, this fact was "irrelevant in determining when Clark's express warranty claim accrued." Finally, Mustang Cat noted that although there is "a limited exception" to the UCC's general statute-of-limitations rule, the "narrow exception" did not apply to the instant case.[10]

The trial court granted Mustang Cat's matter-of-law-summary-judgment motion on Clark's claim, citing *PPG Industries, Inc.* and *Presley v. Sears Roebuck*

---

[8] Clark did not argue, in his response, that the statute of limitations for his breach-of-contract claim was governed by common law, that the UCC did not apply to his claim, or that the statute of limitations provided for by the UCC did not apply to his breach-of-contract claim.

[9] *See id.* § 2.725(a). Mustang Cat noted that Clark did not contest that the UCC provided the statute of limitations applicable to his breach-of-contract claim.

[10] Mustang Cat also asserted that Clark's breach-of-contract claim failed "because there was no express warranty provided for the [b]ulldozer."

*& Co.*, i.e., two cases addressing the UCC's statute of limitations applicable to a claim for breach of warranty incident to the sale of goods. *See PPG Indus., Inc.*, 146 S.W.3d at 92–98; *Presley v. Sears Roebuck & Co.*, No. 2-07-245-CV, 2008 WL 820318, *2–5 (Tex. App.—Fort Worth Mar. 27, 2008, no pet.) (mem. op.). In other words, the trial court granted summary judgment on Clark's breach-of-contract claim because the claim was barred by the statute of limitations.

## Standard of Review

An appellate court reviews a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a summary-judgment motion, a movant has the burden of proving that it is entitled to judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a defendant moves for summary judgment on an affirmative defense, it must plead and conclusively establish each essential element of its defense, thereby defeating the plaintiff's cause of action. *Cathey*, 900 S.W.2d at 341; *Yazdchi v. Bank One, Tex., N.A.*, 177 S.W.3d 399, 404 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Once the movant meets its burden, the burden shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Transcon Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The

evidence raises a genuine issue of fact if reasonable and fair-minded fact finders could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When deciding whether there is a disputed, material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference must be indulged in favor of the non-movant and any doubts must be resolved in his favor. *Id.* at 549.

Where, as here, the trial court specifies the ground on which the motion for summary judgment was granted, an appellate court should consider whether the trial court correctly granted summary judgment on that basis.[11] *See Cincinnati Life Ins.*, 927 S.W.2d at 626; *Primo*, 2015 WL 777999, at *1.

## Summary Judgment – Limitations

In his first issue, Clark argues that the trial court erred in granting Mustang Cat summary judgment on limitations grounds because the statute of limitations provided for by the UCC did not apply to his breach-of-contract claim. *See* TEX. BUS. & COM. CODE ANN. § 2.725(a)–(b) (Vernon 2009). Alternatively, Clark asserts

---

[11] In the interest of judicial economy, an appellate court may consider other grounds that the movant preserved for review and the trial court did not rule on. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996). However, it is not necessary to do so in the instant case.

that even if the UCC did apply to his breach-of-contract claim, there is "an exception" to the UCC's general rule that "a cause of action accrues" and the statute of limitations begins to run "at the time [that the good was] deliver[ed]." *See id.* § 2.725(b).

***Breach of Warranty Incident to Sale or Performance of Services***

In regard to his argument that the statute of limitations provided for by the UCC did not apply to his breach-of-contract claim, Clark asserts that his breach-of-contract claim is not a claim for "breach of [a] warranty . . . on [a] good[]," i.e., the bulldozer. Rather, his breach-of-contract claim is actually a claim based on Mustang Cat's breach of warranty incident to the sale or performance of services, i.e., "repair services." Accordingly, Clark asserts that the statute of limitations applicable to his claim is not found in the UCC, but instead the statute of limitations is found in the "common law," and based on the "common law," he "timely brought" his breach-of-contract claim. In response, Mustang Cat asserts that Clark did not argue or raise in the trial court his assertion on appeal that "his real claim [is actually] for breach of warranty" incident to the sale or performance of services, i.e., "repair services," and the common law, rather than the UCC, governs the statute of limitations for his breach-of-contract claim.

As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request,

objection, or motion. TEX. R. APP. P. 33.1(a). In the context of summary judgments, a non-movant must *expressly* present in his written response or answer to a summary-judgment motion *any issue* that would defeat the movant's entitlement to summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341, 343 (Tex. 1993); *Dubose v. Worker's Med., P.A.*, 117 S.W.3d 916, 920 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Frazer v. Tex. Farm Bureau Mut. Ins. Co.*, 4 S.W.3d 819, 824–25 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see also City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). To "expressly" present an issue, the written answer or response to the summary-judgment motion must fairly apprise the movant and the trial court of the issue the non-movant contends should defeat summary judgment. *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 119 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (internal quotations omitted). Any issue *not expressly* presented by the non-movant to the trial court in a written response may not be considered as grounds for reversal.[12] *See* TEX. R. CIV. P. 166a(c); *Dubose*, 117 S.W.3d at 920; *Frazer*, 4 S.W.3d at 825; *see also* TEX. R. APP. P. 33.1(a). The failure to present an argument

---

[12] The exception to this general rule is that the non-movant may still challenge on appeal the legal sufficiency of the evidence supporting summary judgment. *City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979); *Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 516–17 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Here, Clark does not challenge the legal sufficiency of the evidence supporting summary judgment.

11

to defeat summary judgment in the trial court waives the argument on appeal. *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009); *Dubose*, 117 S.W.3d at 920; *Kaye v. Harris Cty. Mun. Util. Dist. No. 9, Nw. Harris Cty.*, 866 S.W.2d 791, 794 (Tex. App.—Houston [14th Dist.] 1993, no writ).

Clark argues that he "raised and fairly presented the 'repair [services] warranty' issue as part of his cause of action and in the summary[-]judgment proceeding" because "[a] fair reading of [his] pleadings, his response to Mustang Cat's motion for summary judgment, and the summary[-]judgment evidence, taken together, shows that [his] complaint[] against Mustang Cat w[as] <u>not</u> that the bulldozer was itself defective, but that Mustang Cat failed to perform the repairs it [had] agreed to." *But see Tello*, 218 S.W.3d 119 (to "expressly" present issue to trial court, "*the written answer or response to the [summary-judgment] motion* must fairly apprise the movant and the court of the issue[] the non-movant contends should defeat the motion." (emphasis added) (internal quotations omitted)); *see also Vaschenko v. Novosoft, Inc.*, No. 03-16-00022-CV, 2018 WL 1547270, at *6 (Tex. App.—Austin Mar. 30, 2018, no pet.) (mem. op.) (non-movant did not fairly apprise trial court of argument raised on appeal where he asserted his petition and summary-judgment evidence read together presented his argument). However, Clark concedes that he did not use certain "specific terms, such as repair [services]

warranty," "warranty for repairs," or "breach of repair [services] warranty" in discussing his breach-of-contract claim. (Internal quotations omitted.)

Here, Mustang Cat moved for summary judgment on Clark's breach-of-contract claim, arguing that it was entitled to judgment as a matter of law because the claim was barred by the statute of limitations applicable to a claim for breach of warranty incident to the sale of goods. *See* TEX. BUS. & COM. CODE ANN. § 2.725(a)–(b). Specifically, Mustang Cat asserted that Clark's breach-of-contract claim was governed by the UCC, "[a] cause of action based on a breach of warranty under the UCC accrues when [the] good[] [is] tendered for delivery," and the discovery rule did not apply. *See id.* § 2.725(b) ("A cause of action accrues when the breach occurs, *regardless* of the aggrieved party's lack of knowledge of the breach." (emphasis added)). Thus, because the bulldozer was delivered on July 22, 2011, the UCC provides a four-year statute of limitations from the date that the bulldozer was delivered, and Clark filed his third-party petition, asserting his breach-of-contract claim, on October 20, 2015, Clark's claim was time barred. *See id.* § 2.725(a)–(b). Mustang Cat attached to its motion for summary judgment, the Delivery Certification, signed by Clark, showing that the bulldozer was delivered to him on July 22, 2011.

In his response to Mustang Cat's summary-judgment motion, Clark argued that his breach-of-contract claim was not barred by the statute of limitations provided

for by the UCC for a claim for breach of warranty incident to the sale of goods because his "cause of action did not . . . bec[o]me obvious" until it was clear that the bulldozer would remain defective and "[i]t [was] unreasonable to assert that the breach of contract occurred only if [it was] reported no later than four years after the delivery date." *See id.* According to Clark, he purchased the bulldozer in July 2011 and the Purchasers Order and Security Agreement for Used Product that he signed contained an express warranty for the bulldozer, stating "1 year/1000 Hour Powertrain + Hydraulics Warranty." (Internal quotations omitted.) The bulldozer was delivered to Clark on July 22, 2011, and he reported that it was "defective" shortly after delivery. However, Clark asserted that his cause of action for breach of contract did not accrue until February 16, 2012.

Clark further argued in his response that the UCC's general four-year statute of limitations from the delivery date of the bulldozer did not apply to his claim because the warranty Mustang Cat provided for the bulldozer constituted an "express warranty for future performance," which was an exception to the UCC's general statute-of-limitations rule. *See id.* § 2.725(b) ("A breach of warranty occurs when tender of delivery is made, *except* that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." (emphasis added)). In doing so, Clark relied on *PPG Industries, Inc.*,

14

a case specifically addressing the UCC's statute of limitations for a claim for breach of warranty incident to the sale of goods and the exception that applies when the warranty for the good "explicitly guarantee[s] future performance." 146 S.W.3d at 92–98. Specifically, Clark quoted the Texas Supreme Court case, stating that pursuant to the UCC "[a] breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of [the] goods and discovery of the breach must await the time of such performance th[e] cause of action accrues when the breach is or should have been discovered." (Internal quotations omitted.)

Notably, in his response to Mustang Cat's summary-judgment motion, Clark did not assert that the UCC did not apply to his breach-of-contract claim, that the statute of limitations provided for by the UCC did not apply to his breach-of-contract claim, or that the "common law" controlled the statute of limitations applicable to his claim. *See Brannick v. Aurora Loan Servs.*, LLC, No. 03-17-00308-CV, 2018 WL 5729104, at \*4 (Tex. App.—Austin Nov. 2, 2018, no pet. h) (mem. op.) (in response to summary-judgment motion, non-movants "did not assert any of the arguments they now make on appeal"); *Vaschenko*, 2018 WL 1547270, at \*6 (non-movant waived argument, on appeal, limitations did not bar his claims where he did not raise those specific argument in trial court); *Wen v. Ahn*, No. 01-13-00837-CV, 2014 WL 5780251, at \*4 (Tex. App.—Houston [1st Dist.] Nov.

15

6, 2014, pet. denied) (mem. op.) (non-movant waived argument tolling doctrine precluded summary judgment on statute-of-limitations defense where he never presented argument to trial court "expressly by written answer or other written response to [summary-judgment] motion"). Instead, Clark, in his response, agreed with Mustang Cat that the statute of limitations provided for by the UCC for a claim for breach of warranty incident to the sale of goods applied to his breach-of-contract claim.[13] And the only law cited by Clark in his summary-judgment response was case law concerning the statute of limitations provided for by the UCC. *See PPG Indus., Inc.*, 146 S.W.3d at 92–98; *cf. Nat'l City Bank of Ind. v. Ortiz*, 401 S.W.3d 867, 877 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (arguments made on summary judgment related to common law did not encompass later argument based on UCC).

Further, Clark does not direct the Court to any place in the record where he expressly presented to the trial court his argument that UCC did not apply to his breach-of-contract claim or that the UCC's statute of limitations was inapplicable in the instant case. Instead, Clark merely directs this Court to the portion of his summary-judgment response where he asserts that the exception to the UCC's general statute-of-limitations rule applies to his claim. *See* TEX. BUS. & COM. CODE

---

[13] *See generally AMX Enters., Inc. v. Bank One, N.A.*, 196 S.W.3d 202, 207 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (UCC preempts common law).

16

ANN. § 2.725(b) ("A breach of warranty occurs when tender of delivery is made, *except* that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." (emphasis added)).

Accordingly, I would hold that Clark has not preserved, for review, his argument that the trial court erred in granting Mustang Cat summary judgment on limitations grounds because it improperly applied the statute of limitations provided for by the UCC to his breach-of-contract claim. And the Court may not consider it as a ground for reversal of the trial court's summary judgment. *See* TEX. R. CIV. P. 166a(c); *D.R. Horton-Tex.*, 300 S.W.3d at 743; *Dubose*, 117 S.W.3d at 920; *Kaye*, 866 S.W.2d at 794.

***Breach of Warranty Incident to Sale of Goods***

Alternatively, Clark asserts that even if the UCC does apply to his breach-of-contract claim, there is an "exception" to the UCC's general rule that "a cause of action accrues" and the statute of limitations begins to run "at the time [that a good is] deliver[ed]" when "a warranty explicitly extends for future performance of the goods." *See* TEX. BUS. & COM. CODE ANN. § 2.725(a)–(b).

As previously noted, under the UCC, the statute of limitations for a claim for breach of contract or breach of warranty incident to the sale of goods is four years.

17

*Id.* § 2.725(a); *PPG Indus., Inc.*, 146 S.W.3d at 92; *Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 668 (Tex. 1999). Generally, a cause of action accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy, when a wrongful act causes some legal injury, or whenever one person may sue another. *Am. Star Energy & Minerals Corp. v. Stowers*, 457 S.W.3d 427, 430 (Tex. 2015); *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998). A cause of action for breach of warranty accrues when the breach occurs, and a breach of warranty incident to the sale of a good occurs when the good is delivered, "regardless of the aggrieved party's lack of knowledge of the breach." TEX. BUS. & COM. CODE ANN. § 2.725(b); *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 546 (Tex. 1986) ("[A] cause of action in breach of warranty arising from a contractual relationship accrues at the time of delivery, not at the time of discovery.").

However, there is a narrow exception to the UCC's general statute-of-limitations rule, which applies when "a warranty explicitly extends to future performance" of the good. TEX. BUS. & COM. CODE ANN. § 2.725(b). Under the exception, discovery of the breach must await the time of such performance and a cause of action accrues when the breach is or should have been discovered. *Id.* Courts generally construe this exception narrowly, placing great emphasis on the term "explicitly." *Safeway Stores*, 710 S.W.2d at 548 (internal quotations omitted);

18

*see also Pako Corp. v. Thomas*, 855 S.W.2d 215, 219–20 (Tex. App.—Tyler 1993, no writ). For an express warranty to meet the exception, it must make specific reference to a specific date in the future. *Safeway Stores*, 710 S.W.2d at 548; *see also Presley*, 2008 WL 820318, at *2; *Pako*, 855 S.W.2d at 220.

Here, Clark, in his response to Mustang Cat's summary-judgment motion, asserted that he purchased the bulldozer in July 2011, and the Purchasers Order and Security Agreement for Used Product that he signed contained an express warranty for the bulldozer, stating "1 year/1000 Hour Powertrain + Hydraulics Warranty." (Internal quotations omitted.) The bulldozer was delivered to Clark on July 22, 2011.[14] However, Clark asserted that the UCC's general four-year statute of limitations from the delivery date did not apply to his claim because the warranty Mustang Cat provided for the bulldozer constituted an "express warranty for future performance," which was an exception to the UCC's general statute-of-limitations rule. *See* TEX. BUS. & COM. CODE ANN. § 2.725(b) ("A breach of warranty occurs when tender of delivery is made, *except* that where a warranty *explicitly extends to future performance of the goods* and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."). In other words, Clark asserted that the warranty found in the

---

[14]    It is undisputed that Clark filed his original third-party petition on October 20, 2015—more than four years after the delivery date of the bulldozer.

19

Purchasers Order and Security Agreement for Used Product, stating "1 year/1000 Hour Powertrain + Hydraulics Warranty,"[15] is an "express warranty for future performance," it falls within the UCC's statute-of-limitations exception, and his cause of action did not accrue until February 16, 2012 when "the future performance was breached." (Internal quotations omitted.) *See id.*

In *Muss v. Mercedes-Benz of North America, Inc.*, the Dallas appellate court was presented with an express warranty incident to the sale of a good that is similar to the one in the instant case, and the court addressed whether the particular warranty explicitly extended to the future performance of a good so that the UCC's statute-of-limitations exception applied. 734 S.W.2d 155, 157–58 (Tex. App.— Dallas 1987, writ ref'd n.r.e.); *see also* TEX. BUS. & COM. CODE ANN. § 2.725(b). There, the plaintiff, Joshua A. Muss, purchased a car from Mercedes-Benz of North America, Inc. ("MBNA"). *Muss*, 734 S.W.2d at 157. Muss took delivery of the car on August 25, 1977. *Id.* On April 20, 1983, Muss brought a claim against MBNA for breach of warranty incident to the sale of goods, asserting that the car's suspension system was defective. *Id.* (internal quotations omitted) (citing TEX. BUS. & COM. CODE ANN. § 2.725). Because Muss brought his claim outside of the UCC's four-year statute of limitations, he attempted to extend the limitations period for his

---

[15] Mustang Cat "disputes the existence of any . . . warranty in the first place."

claim, asserting that the exception to the UCC's general statute-of-limitations rule applied. *See id.* at 157–58; *see also* TEX. BUS. & COM. CODE ANN. § 2.725(a)–(b).

The warranty at issue in the case provided:

> Any authorized Mercedes-Benz dealer of the owner's choice will, without charge to the owner, perform warranty repairs made necessary because of defects in material or workmanship . . . This warranty shall remain in effect until the vehicle has accumulated *24 months or 24,000 miles of use, whichever first occurs . . .*

*Muss*, 734 S.W.2d at 157–58 (alterations in original) (emphasis added). However, the parties disputed whether the particular express warranty constituted a warranty that "explicitly extend[ed] to future performance of the goods." *Id.* (citing TEX. BUS. & COM. CODE ANN. § 2.725(b)).

The Dallas court ultimately concluded that the UCC's statute-of-limitations exception did not apply because the warranty provision, which provided "24 months or 24,000 miles of use, whichever first occurs," did not convey a promise that the good, i.e., the car, would comply or meet some certain performance standard for a definite time in the future. *Id.* at 158. Instead, the only promise made by MBNA was that for a certain period of time, it would be obligated to repair or replace defective parts of the car. *Id.* Thus, the court held that given the "narrow[ness]" of the UCC's statute-of-limitations exception, "the warranty made by MBNA clearly fail[ed] to pass muster as one 'explicitly' extending to future performance." *Id.*

21

Here, as in *Muss*, Mustang Cat's purported warranty in the Purchasers Order and Security Agreement for Used Product, stating "1 year/1000 Hour Powertrain + Hydraulics Warranty," is not a warranty that "explicitly extends to future performance of the good[]," i.e., the bulldozer. *Id.* (internal quotations omitted); *see also* TEX. BUS. & COM. CODE ANN. § 2.725(b); *see also Hydradyne Hydraulics LLC v. Power Eng'g and Mfg. Ltd.*, No. 3:09-CV-1577-L, 2011 WL 1514997, at *4–6 (N.D. Tex. Apr. 20, 2011) (applying Texas law and holding warranty for "1,000 hours of operation or the first six (6) months from date of shipment" did not make "an 'explicit' specific future promise with respect to [the good's] performance and . . . the limitations period was not extended"). It does not convey a promise that the bulldozer will comply or meet some certain performance standard for a definite time in the future. *Muss*, 734 S.W.2d at 158. Further, given the "narrow[ness]" of the statute-of-limitations exception provided for by the UCC, I cannot conclude that the warranty at issue in the instant case is one that "explicitly extends to future performance of the good[]." *Id.* (internal quotations omitted); *see also* TEX. BUS. & COM. CODE ANN. § 2.725(b); *Safeway Stores*, 710 S.W.2d at 548. Thus, the statute of limitations on Clark's breach-of-contract claim began to run upon the delivery of the bulldozer on July 22, 2011 in accordance with the UCC's general statute-of-limitations rule. *See* TEX. BUS. & COM. CODE ANN. § 2.725(a)–(b).

Based on the foregoing, I would hold that Clark's claim for breach of contract is barred by the statute of limitations, and the trial court did not err in granting Mustang Cat summary judgment.[16] *See id.*

Terry Jennings
Justice

Panel consists of Justices Jennings, Massengale, and Caughey.

Jennings, J., concurring.

---

[16] Having concluded that Clark's claim for breach of contract is barred by limitations, it is not necessary to reach his second issue in which he contends that the trial court, pursuant to the parol evidence rule, erred in granting Mustang Cat summary judgment on his breach of contract claim. *See* TEX. R. APP. P. 47.1.