Martha Ann COODY, Appellant,

v.

A.H. ROBINS COMPANY, INC., Appellee.

No. 04–83–00420–CV.

Court of Appeals of Texas, San Antonio,

June 26, 1985.

Rehearing Denied Aug. 21, 1985.

Writ Filed Sept. 20, 1985.

Thomas R. Harkness, Austin, for appellant.

Melvin A. Krenek, San Antonio, for appellee.

### OPINION

Before CADENA, C.J., and BUTTS and REEVES, JJ.

CADENA, Chief Justice.

Plaintiff, Martha Ann Coody, appeals from an order granting the motion for summary judgment filed by defendant, A.H. Robins Co., Inc. The summary judgment that plaintiff take nothing was based on the ground that her action for injuries resulting from her use of an intrauterine device manufactured by defendant was barred by limitations.

In February, 1972, plaintiff's physician fitted her with an intrauterine device (IUD) known as a Dalkon Shield which was manufactured by defendant. A few months later plaintiff began experiencing abdominal cramps. The diagnosis was that she was suffering from a pelvic inflammatory disease caused by her use of the IUD. She was hospitalized in January 1973, for nearly two weeks. During her stay in the hospital her physician removed the IUD and told her that, because of the infection, she would have to undergo a complete hysterectomy. The hysterectomy was performed in October, 1977. In December, 1979, she read an article in a newspaper concerning the Dalkon Shield and referring to several suits filed against defendant based on a defect in the design of the IUD. She talked to her physician who told her that the IUD she had used was a Dalkon Shield, and she filed this suit against defendant in December, 1980.

Plaintiff's cause of action was based on theories of product liability (defective design), breach of warranty (IUD not safe for the uses for which it was intended), and negligence. Insofar as the causes of action based on negligence and products liability are concerned, the applicable statute is the two-year statute. TEX.REV. CIV.STAT.ANN. art. 5526 (Vernon 1958 & Supp. 1985). *See Roman v. A.H. Robins Co.*, 518 F.2d 970, 971 (5th Cir.1975); *Cleveland v. Square-D. Co.*, 613 S.W.2d 790, 792 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); RESTATEMENT (SECOND) OF TORTS § 402A (1965). The action based on warranty is governed by the four-year statute found in TEX.BUS. & COM.CODE ANN. § 2.725(a) (Vernon 1968).

For the purpose of this opinion we assume that as to all three causes of action the period of limitation began to run when plaintiff discovered her injury or should have discovered it by exercising reasonable diligence, and not from the date when she was fitted with the defective IUD.[1] But we conclude that even under the "discovery rule" all causes of action

---

1. When the action is based on strict liability or breach of warranty, the limitation period begins to run when the injury is or should have been discovered in the exercise of reasonable diligence. *Fusco v. Johns Manville Products Corp.*, 643 F.2d 1181, 1183 (5th Cir.1981); *Metal Struc-* tures Corp. v. Plains Textiles, Inc., 470 S.W.2d 93, 99 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.).

Where the cause of action sounds in negligence, the traditional view has been that the limitation period runs from the time of the

alleged by plaintiff were barred by limitation.

According to her petition, plaintiff discovered the injury (pelvic inflammatory disease) in 1972 and at that time discovered that the injury was caused by her use of the IUD. At that time, more than seven years before this suit was filed, she had sufficient knowledge to justify her in seeking redress for the injury. At that time, the tolling of the statutes of limitation terminated. According to the usual statement of the discovery rule, the limitation statutes are tolled only until discovery of the injury or until the time that reasonable diligence would have led to such discovery.

■ We do not agree with plaintiff's contention that the limitation period began to run only in 1979, when she discovered that the IUD in question was a Dalkon Shield and that it was defectively designed. The discovery rule speaks only of discovery of the injury. It does not operate to toll the running of the limitation period until such time as plaintiff discovers all of the elements of a cause of action. Once appellant learned that she had been injured, the burden was on her to determine whether she should file suit. *Sellers v. A.H. Robins Co.*, 715 F.2d 1559, 1562 (11th Cir.1983). Even if we follow the holding in *Thrift v.*

*Tenneco Chemicals, Inc., Heyden Division*, 381 F.Supp. 543, 545 (N.D.Tex.1974), that the limitation period begins to run when plaintiff discovers, or reasonably should have discovered, the nature and cause of his injury, the record here establishes that plaintiff knew the nature of her injury and its cause more than seven years before she filed suit.

The judgment of the trial court is affirmed.

commission of the negligent act, and not from the time the injury is discovered. In *Gaddis v. Smith*, 417 S.W.2d 577 (Tex.1967), the supreme court applied the discovery rule in a negligence case involving medical malpractice, but the court said its holding was limited to medical malpractice cases involving a situation in which a physician leaves a foreign object in the patient's body. In *Plains Textiles, supra*, the Amarillo Court relied on this limitation of the *Gaddis* case as a basis for holding that in a negligence case the discovery rule will not be applied.

However, in *Nelson v. Krusen*, 678 S.W.2d 918, 920 (Tex.1984), our supreme court said: "The rule in *Gaddis* was adopted as a matter of statutory construction, because the limitations provision, article 5526, Tex.Rev.Civ.Stat.Ann., provided that the suit must be brought within two years of the date the cause of action *accrued*. We held that a cause of action does not accrue until the plaintiff knows, or has reason to know, of his injury."

In *Nelson*, the supreme court held unconstitutional that portion of TEX.INS.CODE ANN. art. 5182, since repealed, which required that a claim for medical treatment be commenced

within two years of the tort complained of or from the date the medical treatment that is the subject of the claim was completed. The holding of invalidity was based on the fact that the statute cut off "a cause of action before the party knows, or reasonably should know, that he is injured." It is clear that the supreme court viewed the requirement that plaintiff filed his suit before he knew that he had been injured as placing on the injured person an "impossible condition." 678 S.W.2d at 922. Since *Nelson* was not a case in which a doctor had left a foreign object in his patient's body, it, at the very least, strongly indicates that the discovery rule applied in *Gaddis* will not be limited to such cases.

In *Neagle v. Nelson*, 685 S.W.2d 11, 12 (Tex. 1985), the supreme court said: "The open courts provision of our Constitution protects a citizen, ... from legislative acts that abridge his right to sue before he has a reasonable opportunity to discover the wrong and bring suit." Although *Neagle* involved malpractice consisting of a surgical sponge in the patient's body, the opinion contains no language limiting the holding to such cases.