Florencio MARTINEZ, Appellant,

v.

HUMBLE SAND & GRAVEL, INC., et al., Appellees.

No. 08-90-00241-CV.

Court of Appeals of Texas, El Paso.

May 12, 1993.

Rehearing Overruled Sept. 15, 1993.

Robert E. White, Childs & Bishop Law Offices, Inc., Odessa, for appellant.

Dale Dowell, Rienstra, Dowell & Flatten, Beaumont, John A. 'Jad' Davis, Kemp, Smith, Duncan & Hammond, Midland, Paul J. Holmes, Holmes & Harris, Barbara Barron, Mehaffey, Weber, Keith & Gonsoulin, Beaumont, Steve A. Bryant, Bryant, Rennecker & McClean, Houston, Hunter T. Hillin, Allison & Huerta, Corpus Christi, Ray Stoker, Jr., Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Randal Patterson, Hollmann, Lyon, Patterson & Durell, Inc., Odessa, Michael Tighe, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Midland, James L. Ware, McLeod, Alexander, Powel & Apffel, J.D. Bashline, McLeod, Alexander, Powel & Apffel, George P. Pappas, McLeod, Alexander, Powel & Apffel, Michael B. Hughes, McLeod, Alexander, Powel & Apffel, P.C., Galveston, Hon. R. Till, Hays, McConn, Price & Pickering, Houston, J.B. Whittenburg, Orgain, Bell & Tucker, Beaumont, Jennifer J. Keneally, Bell & Murphy, Houston, Hon. Timothy D. Yeats, Williams & Yeats, Big Spring, James M. Rush, McMahon, Tidwell, Hansen & Atkins, P.C., Odessa, Ned Johnson, Benckenstein, Oxford & Johnson, Beaumont, W. Bruce Williams, Cotton, Bledsoe, Tighe & Dawson, Midland, Cecily Ticer, Fanning, Harper & Martinson, Don Martinson, Fanning Harper & Martinson, Dallas, David Brill, Butler & Binion, Houston, for appellees.

Before KOEHLER, BARAJAS and LARSEN, JJ.

## OPINION

KOEHLER, Justice.

In a suit for compensatory and exemplary damages for disability resulting from the occupational disease of silicosis, the plaintiff alleged various causes of action against numerous manufacturers and suppliers of sandblasting equipment and materials and sandblasting safety equipment. Many of the defendants moved for summary judgment on the grounds that the plaintiff's claims were barred by the applicable statute of limitations and there remained therefore no genuine issue of material fact for trial. Following a hearing, the trial court granted a summary judgment in favor of all defendants who had so moved and further ordered that summary judgment was proper as to all remaining defendants. In this appeal, the Plaintiff/Appellant contends in a single point of error that the movants failed to show as a matter of law that the statute of limitations had run from the date he discovered his silicosis. The real issue, however, is whether the filing of a workers' compensation claim for silicosis under the facts of this case established as a matter of law the date the claimant discovered the nature of his injury for statute of limitation purposes. We hold that it did and affirm.

## RELEVANT FACTS

Florencio Martinez (Martinez), Appellant, began working for Ico, Inc., d/b/a Spincote Plastic Coating (Spincote) in 1982. He performed sandblasting work while employed there. On July 5, 1985, he was terminated for failure to appear at work and failure to notify his employer regarding his absence. In October 1985, Martinez discovered that he had silicosis resulting from his occupation as

a sandblaster.[1] As a result, he subsequently instituted an occupational disease workers' compensation claim against Spincote's compensation carrier, which was ultimately settled on April 16, 1987 after suit had been filed in the district court. In June 1988, he filed suit against the first three defendants [2] in this case, alleging generally that he had received personal injuries caused by the defendants' negligence. At various times thereafter, Martinez filed amended petitions bringing in additional party defendants [3], alleging (in his Fourth Amended Petition filed on October 31, 1989) causes of action on theories of ordinary and gross negligence, products liability and breach of express and implied warranties. In addition to general denials and other defenses, a number of the defendants pled the running of limitations as affirmative defenses and filed motions for summary judgment on the latter grounds. Martinez did not plead the discovery rule in its original or amended petitions.

## STANDARD OF REVIEW

In reviewing a summary judgment appeal, this Court must determine whether the successful movants in the trial court carried their burdens of showing that there is no genuine issue of a material fact and that they are entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether or not there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant is to be taken as true, and in that connection, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Id.* at 548–49. When defendants as movants rely on the affirmative defense of the running of limitations,

they must establish when the cause or causes of action accrued and must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered in the exercise of reasonable diligence, the elements of his cause of action; *Willis v. Maverick*, 760 S.W.2d 642, 646 (Tex. 1988), or put in another way, the nature of his injury. *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex.1990).[4]

## STATUTE OF LIMITATIONS

The purpose of a statute of limitations is to establish a point of repose so that stale claims cannot be brought. *Willis*, 760 S.W.2d at 644. In cases involving application of the statutes of limitations, the general rule is that a cause of action accrues at the time when facts come into existence which authorize an injured party to seek a judicial remedy. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex.1990); *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex.1977). A cause of action for negligence, governed by the two-year statute of limitations, normally accrues when the duty of ordinary care is breached by some act or omission, even though the injury is not immediately apparent and the injured party is not aware of a cause of action. *American Centennial Insurance Company v. Canal Insurance Company*, 810 S.W.2d 246, 255 (Tex.App.—Houston [1st Dist.] 1991), *aff'd in part and rev'd in part on other grounds*, 843 S.W.2d 480 (Tex.1992). Claims based on strict products liability accrue on the date of the injury and are subject to limitations of two years. *Cherry v. Chustz*, 715 S.W.2d 742, 745 (Tex. App.—Dallas 1986, no writ). A cause of action for breach of warranty, express or implied, accrues on the date the product is

---

1. Admitted by Martinez in his Fourth Amended Petition. A lung biopsy was performed on October 7, 1985.

2. Humble Sand Co., Inc., Sand Sales Co. and Tide Air, Inc.

3. By the time Martinez had filed his Fourth Amended Petition, he had added an additional twenty-three defendants, making twenty-six in all.

4. When a plaintiff fails to plead the discovery rule as a matter of avoidance either in his original, amended or supplemental petition in response to the affirmative defense of limitations pled by a defendant, he is deemed to have waived his right to present evidence and to submit an issue on discovery. The failure of the plaintiff to plead discovery, however, does not affect the rule requiring a defendant to negate the discovery rule when pleading limitations as an affirmative defense. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex.1988).

delivered and must be commenced within four years after the cause accrues. *Perez v. Lear Siegler, Inc.*, 797 S.W.2d 222, 224 (Tex. App.—Corpus Christi 1990), *rev'd on other grounds*, 819 S.W.2d 470 (Tex.1991); *Southerland v. Northeast Datsun, Inc.*, 659 S.W.2d 889, 892 (Tex.App.—El Paso 1983, no writ).

■ The discovery rule came into being to remedy those situations where the facts which would give rise to a cause of action are inherently undiscoverable because of active or passive concealment, such as in cases of fraud and medical and legal malpractice. *Johnson v. Abbey*, 737 S.W.2d 68, 69 (Tex.App.—Houston [14th Dist.] 1987, no writ). Under the discovery rule, limitations begin to run only when the injured party discovers, or should have discovered in the exercise of reasonable diligence, sufficient facts establishing that he has a cause of action. *Willis*, 760 S.W.2d at 646. The discovery rule has been held to apply to personal injury and products liability actions; *Weaver v. Witt*, 561 S.W.2d 792, 793 (Tex. 1977); *Glasscock v. Armstrong Cork Co.*, 946 F.2d 1085, 1088 (5th Cir.1991); but not to claims based on breach of warranty. *Perez*, 797 S.W.2d at 224–225; *Southerland*, 659 S.W.2d at 892.[5]

Martinez concedes that he first discovered that he had silicosis in October 1985. He contends, however, that the Appellees failed to show conclusively by their summary judgment proof that October 1985 is the date when he knew or should have known the cause of his injury. It is his contention that his causes of action against the Appellees arose not when he discovered he had been injured but when he discovered its cause as well. His position in this regard is supported not only by *Alfaro v. Dow Chemical*, 751 S.W.2d 208, 209 (Tex.App.—Houston [1st Dist.] 1988), *aff'd*, 786 S.W.2d 674 (Tex.1990) and *Gatling v. Perna*, 788 S.W.2d 44, 46

(Tex.App.—Dallas 1990, writ denied), both cited in Martinez' brief, but by *Burns*, 786 S.W.2d at 267 ("nature of injury").

■ Martinez apparently interprets these cases to mean that limitations is tolled until a plaintiff, in the exercise of reasonable diligence, discovers the exact cause or causes in fact and the specific party or parties whose negligent acts or omissions brought about his injuries. The cases, however, do not support this interpretation, except in instances where the negligent party has concealed his negligence or malpractice. *Willis*, 760 S.W.2d at 645; *Gatling*, 788 S.W.2d at 46. All that is required to commence the running of limitations is that the injured party has discovered, or has had a reasonable opportunity to discover, sufficient facts that would put him on notice that he has been injured and in general terms, the cause of the injury. *Coody v. A.H. Robins Company, Inc.*, 696 S.W.2d 154, 156 (Tex.App.—San Antonio 1985, writ dism'd by agr.). In *Coody*, the plaintiff discovered in 1972 that she had been injured by the use of an intrauterine device (IUD), but not discovering that the IUD in question was a Dalkon Shield until 1979, she filed suit in 1980. The Court held that limitations began to run in 1972. In another Dalkon Shield case, *Woodruff v. A.H. Robins Company, Inc.*, 742 F.2d 228 (5th Cir.1984), although the plaintiff knew in 1973 that she was ill with a severe pelvic infection which made a hysterectomy immediately necessary, she did not discover that the possible cause of the illness was the use of an IUD until 1981 when her husband read a newspaper article suggesting a possible connection between the use of Dalkon Shields and female pelvic infections. Although the Court held that summary judgment was improper because there was a fact issue on when she became aware that her injury was caused by the use of a

---

5. This Court, mistakenly in our opinion, held that the discovery rule applied to actions for breach of express and implied warranties in *El Paso Associates, Ltd. v. J.R. Thurman & Company*, 786 S.W.2d 17, 20–21 (Tex.App.—El Paso 1990, no writ), by ignoring the prior opinion of this Court in *Southerland* and the plain language of Tex.Bus. & Com.Code Ann. § 2.725(b) (Vernon 1968) ("A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowl-

edge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.") and by misinterpreting *City of Midland v. Waller*, 430 S.W.2d 473, 478 (Tex.1968).

Dalkon Shield, the opinion can be reconciled with *Coody* since it is clear that the plaintiff claimed that she did not connect her infection and the resulting hysterectomy with the use of an IUD until 1981. In yet another Dalkon Shield case, *Corder v. A.H. Robins Company, Inc.,* 692 S.W.2d 194, 196 (Tex.App.—Eastland 1985, no writ), the plaintiff did not associate her infertility problems with the use of the Dalkon Shield until following surgery, her doctor informed her of the causal connection for the first time. The Court held that there was an issue as to when she discovered the existence of a "legal injury," meaning sufficient facts to put her on notice that she had a cause of action for her injury. In both *Woodruff* and *Corder,* it happens that the plaintiffs discovered initially that their injuries were caused by a specific product (Dalkon Shield) rather than by IUD's generically, as was the case in *Coody.*

In the case now before us, Martinez admittedly discovered that he had developed silicosis on October 7, 1985 when he went to the doctor. He knew, or should have known, shortly thereafter that he had a possible cause of action for his condition or injury when he filed a workers' compensation claim with the Industrial Accident Board on October 16, alleging "repetitious trauma, causing the injury to my lungs & body [in] general." Although Martinez may not have known the extent of his injuries when he filed his compensation claim or the allegedly responsible party or parties, he was aware of both the fact of injury and its cause. The running of limitations is tolled only to such time as he discovers, or should have discovered with reasonable diligence, the nature of his injuries. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990). We conclude that Martinez' causes of action based on tort (negligence and products liability) accrued no later than October 16, 1985.

Because he did not file the causes of action subject to the two-year statute of limitations, which would include the negligence and products liability claims, until June 1988, those causes were time barred at the time of filing. *American Centennial,* 810 S.W.2d at 255; *Coody,* 696 S.W.2d at 155; TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986). With respect to the breach of warranty causes of action pled in Martinez' Fourth Amended Petition, claims pled for the first time in an amended petition will not relate back to the date the original petition was filed if the claims asserted in the original petition are barred by limitations. *Lathem v. Richey,* 772 S.W.2d 249, 255 (Tex.App.—Dallas 1989, writ denied). As previously noted, claims based on breach of warranty accrue on the date of delivery of the particular product. In this case, the exact dates of delivery to Martinez' employer of the various products manufactured or processed by the several defendants are unknown. But because July 5, 1985 was the last day Martinez worked for Spincote, all of his breach of warranty claims had to have accrued no later than that date. Because the amended petition which alleged the breach of warranty causes of action was filed on October 31, 1989 and because they could not relate back to the date of the original petition, those claims were brought more than four years after the last date they could have accrued and were also barred by limitations.

As a result of these facts, there is no genuine issue of material fact as to the running of the respective limitation periods on each of Martinez' causes of action and summary judgment was proper as to all defendants.[6] Martinez' point of error is overruled. Judgment of the trial court is affirmed.

6. Although several of the defendants failed to file motions for summary judgment and therefore were not entitled to the order granting that relief, Martinez has not questioned the propriety of the court's action in this regard by an appropriate point of error and the error, if any, has been waived. *Fort Bend County Drainage District v. Sbrusch,* 818 S.W.2d 392, 395 (Tex.1991).